The PEOPLE of the State of
Colorado, Complainant,

v.

R. Stephen SPANGLER,
Attorney-Respondent.

No. 83SA179.

Supreme Court of Colorado,
En Banc.

Sept. 26, 1983.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

R. Stephen Spangler, pro se.

QUINN, Justice.

A complaint was filed with the grievance committee charging the respondent, R. Stephen Spangler, with three counts of professional misconduct. The first count alleged that the respondent photocopied on his own legal stationery a "securities opinion letter" of another law firm, affixed his signature to the letter, and then presented it as his own opinion letter. The second count charged the respondent with aggravated abuse of discovery practices in the United States District Court. The final count alleged that the respondent failed to answer complaints filed with the grievance committee. The respondent failed to file an answer to the complaint, and a three-member hearing board, pursuant to C.R.C.P. 241.-13(b), entered a default on September 15, 1982, and notified the respondent of his right to appear at a final hearing scheduled for January 28, 1983, regarding the form of discipline to be imposed. At the final hearing an attorney appeared and advised the board that the respondent had contacted him the previous afternoon about the scheduled hearing. The attorney, however, declined to enter an appearance on the respondent's behalf because of a conflict of interest. Although the attorney advised the hearing board that he had instructed the respondent to attend the hearing, the respondent declined to do so and instead had made plans to fly to Kansas City on that day. The hearing panel, after unsuccessfully attempting to contact the respondent by telephone, proceeded with the hearing in the absence of the respondent.

In relation to count 1, the hearing board found as follows. On May 25, 1979, James Kosnett, an attorney, produced a securities opinion letter for a client. Several months later Mr. Kosnett received a copy of an opinion letter dated March 3, 1979, distributed as part of the "sales package" of one of the respondent's clients. This letter was written on the respondent's stationery and, except for the letterhead, salutation, and closing, the opinion letter was in all other respects a photocopy of Mr. Kosnett's opinion letter of March 25, 1979. Mr. Kosnett* attempted for several months to contact the respondent for an explanation but to no avail. The hearing board concluded that the respondent's actions in connection with

the opinion letter constituted conduct involving misrepresentation in violation of DR1–102(A)(4), and conduct that adversely reflects on his fitness to practice law in violation of DR1–102(A)(6).

The board made the following findings with respect to the second count of the complaint. The respondent, who was one of several defendants in civil litigation pending in the United States District Court for Colorado, had been served with written interrogatories on November 26, 1980, but had refused to make discovery, and on January 28, 1981, the respondent's counsel withdrew from the case on that basis. After a motion to compel discovery was filed, the respondent filed answers which were later determined to be unresponsive. Thereafter, on September 8, 1981, the second motion to compel discovery was granted. The respondent, having been granted several extensions to comply with the discovery order, still failed to make discovery. Finally, on February 11, 1982, United States District Judge John L. Kane, Jr., adjudged him in contempt of court, ordered a jail sentence, struck the respondent's pleadings and entered a default. The hearing board concluded that the respondent's refusal to comply with discovery rules and court orders was both continuous and aggravated, constituted misconduct prejudicial to the administration of justice in violation of DR1–102(A)(5), and adversely reflected on the respondent's fitness to practice law, DR1–102(A)(6).

The hearing board also made the following findings on count 3 of the complaint. On March 4, 1982, the respondent was notified by the grievance committee that a complaint had been filed against him for alleged misconduct in the federal litigation, and that an answer was due within 10 days. Upon his failure to answer within the 10 day period, the respondent was again notified on April 5, 1982, that his answer was overdue and that his failure to respond could result in discipline. The respondent, however, again failed to answer the complaint. The respondent was similarly notified on June 2, 1982 that a second complaint arising from the securities letter

had been filed against him and that the failure to answer within 10 days could result in discipline. Again, however, the respondent failed to answer this complaint. The respondent accepted service of the three-count complaint underlying the present proceedings on July 29, 1982, but despite two extensions of time within which to answer, failed to respond in any manner. The hearing board concluded that the respondent's failure to answer the grievance complaint was continuous and without good cause, and, as such, violated C.R.C.P. 241.-6(7), besides adversely reflecting on the respondent's fitness to practice law, in violation of DR1–102(A)(6).

While the three members of the hearing board agreed that the actions of the respondent constituted professional misconduct, they disagreed over the appropriate form of discipline. Two members concurred that the respondent should be suspended from the practice of law for a period of one year and a day, with reinstatement conditioned upon clear and convincing proof of the respondent's rehabilitation and fitness to practice law. One of these members recommended that the respondent be permitted to apply for reinstatement before the expiration of the period of suspension, while the other recommended that no early application for reinstatement be permitted. The third member of the hearing board recommended a public censure as the appropriate form of discipline.

Upon review of the findings and recommendations of the hearing board, a hearing panel of the grievance committee accepted the board's findings of fact and recommended that the respondent be suspended for one year and a day, with reinstatement conditioned upon clear and convincing proof of rehabilitation and fitness to practice law. The hearing panel, however, did not address whether the respondent should be permitted to apply for reinstatement prior to the expiration of the period of suspension. We approve and adopt the findings of the hearing board, and we concur in the recommendation of suspension for one year and one day, with reinstate-

ment to be permitted only upon clear and convincing proof of the respondent's rehabilitation and his fitness to practice law.

Due to the serious nature of the respondent's conduct, however, we do not believe that he should be permitted under any circumstances to apply for reinstatement prior to the expiration of the period of suspension. The respondent's misconduct included three separate and distinct episodes of misconduct, each involving an inexcusable breach of the elemental duties of a lawyer. The respondent's photocopying and use of the securities letter, for example, involved not mere inadvertence but deliberate misrepresentation. His conduct in the federal litigation was similarly marked not so much by an indifference to responsibility but by an unyielding refusal to comply with discovery orders under any circumstances. The respondent demonstrated a similar attitude of defiance by his failure to answer any of the grievance complaints or even to attend the disciplinary hearing. He offered no evidence to explain or to mitigate his persistent course of professional delinquency. In view of this state of the record, we believe that the reinstatement of the respondent prior to the expiration of the full period of suspension would depreciate the seriousness of his misconduct in the eyes of both the legal profession and the public.

The respondent is accordingly suspended from the practice of law for a period of one year and one day and is ordered to surrender forthwith his license to practice law in this state to the Clerk of the Supreme Court. The respondent shall not be eligible for reinstatement prior to the expiration of one year and one day from the date of this order, and any application for reinstatement must be supported by clear and convincing evidence that the respondent has been rehabilitated, that he is otherwise fit to practice law, and that all the reinstatement requirements of C.R.C.P. 241.22 have been satisfied. The respondent is ordered to pay the costs of these proceedings in the amount of $405.14 by tendering this sum to the Supreme Court Grievance Committee, 190 East Ninth Avenue, Suite 440, Denver, Colorado, 80203, within sixty days from this date.